## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO
## AFFIDAVIT

I, Dylan A. Quaider, being first duly sworn, hereby depose and state as follows:

1. Affiant, Dylan A. Quaider, is currently employed as a Special Agent with the Drug Enforcement Administration ("DEA") since April 2023. Since June of 2023, Affiant has been assigned to the DEA Cleveland, Ohio District Office. As such, Affiant is an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

2. Affiant has personally participated in numerous investigations involving illegal drugs and violent crimes. Furthermore, your Affiant has reviewed reports of investigations concerning the offenses described herein, which were prepared by Special Agents and Task Force Officers of the Drug Enforcement Administration (DEA). Affiant has experience in the investigation of drug trafficking. Affiant has also participated in the debriefing of defendants, informants, and witnesses who had personal knowledge regarding drug trafficking organizations. Additionally, Affiant has participated in many aspects of drug investigations, including conducting surveillance, conducting controlled purchases of narcotics, and conducting court-ordered interceptions of wire communications.

3. This affidavit is being submitted for the limited purpose of establishing probable cause that Christopher GREER has violated Title 21 U.S.C. 841(a)(1) (manufacture, distribution, or possession with intent to distribute a controlled substance, Cocaine (a schedule II controlled substance)), and Title 18 U.S.C. 922 (g) (felon in possession of a firearm). As such, this affidavit does not include every fact known to your Affiant regarding this investigation, but will

seek to summarize the relevant information. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon Affiant's obtaining information from law enforcement. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by members of the Drug Enforcement Administration (DEA), or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose forms Affiant has read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through law enforcement databases.

## PROBABLE CAUSE

4. On June 26, 2024, SA Atiyani obtained authorization in the Northern District of Ohio from U.S. Magistrate Judge Reuben J. Sheperd, under case number 1:24-mj-3130-RJS, to execute a search of GREER's residence, 706 E 160th St, Cleveland, Ohio for controlled substances, documents related to distribution of controlled substances, currency in excess of $500, firearms, and digital devices in GREER's possession. On July 8, 2024, investigators executed the federal search warrant. GREER, Sierra Adams, and a young child were inside of the residence at the time. Inside the residence investigators located two firearms in the kitchen on top of the fridge, a Ruger EC9 (SN: 59-88610) and a Taurus PT940 (SN: SRH47407).  Further, investigators located a baggie with purple rock like substance in it (61 gross grams) and a baggie with a white rock like substance (53 gross grams), in the upstairs bedroom belonging to GREER, with both field testing positive for cocaine.  Based on Affiant's training and experience, that amount of drugs is not for personal use, but rather indicative of drug trafficking and distribution.

While speaking to investigators after being mirandized, GREER stated to TFO Alcantara that the suspected drugs were his and did not belong to Adams. Additionally, GREER also stated to TFO Alcantara and SA Quaider that both firearms were his.

5. Affiant has spoken with ATF Special Agent Cory Miles regarding the two firearms seized. SA Miles verbally confirmed that neither firearm is manufactured in Ohio. The ATF Agent further determined that aforementioned weapon is a firearm as defined in Title 18, USC Section 921(a)(3). The aforementioned firearm was not manufactured and/or assembled in the State of Ohio, thus traveled in interstate and/or foreign commerce in order to be found in the State of Ohio. On November 14, 2018, GREER was convicted of Failure to Comply with Order or Signal of a Police (F-3), and Vehicular Assault (F-3) in Lake County Court of Common Pleas case number 18CR000663. As such, GREER is prohibited from possessing a firearm.

6. Based on the preceding, I believe that probable cause exists to believe that Christopher Greer has violated Title 21 U.S.C. Section 841(a)(1), Possession with Intent to Distribute a Controlled Substances, and Title 18 U.S.C. Section 922(g), Felon in Possession of a Firearm.

Respectfully submitted,

Dylan A. Quaider
Special Agent, DEA

This affidavit was sworn to by the affiant by telephone
after a PDF was transmitted by email, per Crim. R. 41(d)
(3), on this 8th day of July 2024.



James E. Grimes Jr., United States Magistrate Judge